OPINION
{¶ 1} Defendant, Jeffrey S. Lam, appeals from his conviction for possession of cocaine, R.C. 2925.11(A), and a three-year term of incarceration to which he was sentenced. Lam was convicted after the trial court accepted his plea of no contest, following the court's denial of Lam's Crim.R. *Page 2 
12(C)(3) motion to suppress evidence.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE COURT ABUSED ITS DISCRETION BY FAILING TO SUPPRESS EVIDENCE SEIZED IN AN ILLEGAL SEARCH AND SEIZURE CONDUCTED IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS PER ORC 2935.12(A) AND THE `KNOCK AND ANNOUNCE' RULE."
 {¶ 3} The physical evidence Lam's motion sought to suppress included drugs and contraband police seized in their search of a residence pursuant to a warrant. The officers entered the residence forcibly, using a battering ram to push out the front door after their knocks on the door and announcement of their identity and purpose for being there went unanswered. Police found Lam and several others inside.
 {¶ 4} R.C. 2935.12(A) provides:
 {¶ 5} "When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual *Page 3 
executing a search warrant shall not enter a house or building not described in the warrant."
 {¶ 6} R.C. 2935.12(A) codifies the common law requirement that law enforcement officers must knock on a door and announce their identity and purpose before entering a private dwelling.[1] Failure to comply with the "knock-and-announce" requirement has been held relevant to a determination of whether a search in which officers entered a residence by force was unreasonable, and therefore illegal, for purposes of the Fourth Amendment. Wilson v. Arkansas (1995), 514 U.S. 927,115 S.Ct. 1914, 131 L.Ed.2d 976.
 {¶ 7} Exclusion is mandated under Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081, when evidence is derived from an unreasonable search and seizure that violates the Fourth Amendment. However, in Hudson v. Michigan (2006), U.S., 126 S.Ct. 2159,165 L.Ed.2d 56, the United States Supreme Court more recently held that violation of the "knock-and-announce" rule does not justify suppression of evidence found in a subsequent search. That holding avoids any issue of whether evidence that was seized in a subsequent search must be suppressed because a failure to comply with the knock-and-announce rule rendered the search unreasonable. *Page 4 
 {¶ 8} The Ohio Supreme Court has consistently held that the exclusionary rule will not be applied to evidence secured in violation of state law, but not in violation of constitutional rights. See:State v. Thompson (1987), 33 Ohio St.3d 1; State v. Wilmoth (1986),22 Ohio St.3d 251; State v. Unger (1981), 67 Ohio St.3d 65. Therefore, applying the rule of Hudson v. Michigan, a violation of R.C. 2935.12(A) does not support suppression of evidence on a motion filed pursuant to Crim.R. 12(C)(3).
 {¶ 9} The trial court found that officers did not violate the knock-and-announce rule because, after knocking on the door and announcing their identity and purpose, a period of fifteen seconds elapsed until the officers battered-down the door, giving persons who were inside a reasonable time to respond. (Dkt. 20, p. 4). We find no error in that holding. However, we believe the error assigned, which concerns the trial court's decision overruling Defendant's motion to suppress evidence for an alleged violation of the knock-and-announce rule, is properly rejected under the rule of Hudson v. Michigan.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT (AGAIN) ABUSED ITS DISCRETION IN *Page 5 
DETERMINING THAT DEFENDANT MADE A KNOWING, INTELLIGENT WAIVER OF HIS FIFTH AMENDMENT RIGHT TO REMAIN SILENT."
 {¶ 12} When officers found Defendant Lam inside the residence they arrested him and Detective House administered Miranda warnings. Lam acknowledged an understanding of his rights and waived them. He then confessed that cocaine police had found belonged to him.
 {¶ 13} It was the State's burden to prove that Lam's waiver was knowing, intelligent, and voluntary. State v. Edwards (1976),49 Ohio St.2d 31. A suspect's decision to waive his Miranda rights and to make a confession are voluntary absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of police conduct. Colorado v. Spring (1987), 479 U.S. 564, 107 S.Ct. 851,93 L.Ed.2d 954. A determination of voluntariness is made from the totality of the circumstances. State v. Clark (1988), 38 Ohio St.3d 252.
 {¶ 14} The evidence demonstrates that Defendant knowingly, intelligently and voluntarily waived his Fifth Amendment rights. Detective House testified that Defendant was advised of each of hisMiranda rights before being questioned and he indicated that he understood his rights and was willing to waive them and speak with police. Defendant was nineteen and *Page 6 
had completed ten years of schooling. The interview lasted less than ten minutes, involved only one officer, Detective House, and took place in Defendant's home.
 {¶ 15} Defendant's girlfriend, Amber Paris, and his brother, Timothy Lam, who were also in the house, testified that Defendant was physically abused by the police. Specifically, they claim that police burnt Defendant's face with a lit marijuana blunt Defendant was holding when police forcibly entered his home, that police dragged Defendant's pit bull dogs across his face, and that one officer kept his foot on Defendant's back while another officer was burning him with the blunt. Paris identified a photograph she claims she took showing the burn mark on Defendant's face five days later when he was released from jail.
 {¶ 16} In a motion to suppress, the trial court assumes the role of the trier of fact, and as such is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.State v. Clay (1972), 34 Ohio St.2d 250, 298 N.E.2d 137. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. If we accept those facts as true, we must then independently determine as a matter of law, without deference to the trial court's legal conclusions, *Page 7 
whether they meet the applicable legal standard. State v.Retherford (1994), 93 Ohio App.3d 586.
 {¶ 17} The trial court found that Amber Paris and Timothy Lam were not credible witnesses. Moreover, Detective House testified that Defendant was never physically abused in his presence, and he did not observe any injury to Defendant's face. Defendant never complained to Detective House about being injured by any officer and he never requested any medical treatment. A photograph taken of Defendant at the time the search warrant was executed does not depict any visible burn mark.
 {¶ 18} The totality of these facts and circumstances fails to demonstrate that Defendant was physically abused by police, and lacking that, this record does not demonstrate that Defendant's waiver of hisMiranda rights and his statements to Detective House were coerced or involuntary. The trial court properly denied Defendant's motion to suppress his statements to police.
 {¶ 19} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the *Page 8 
Supreme Court of Ohio).
[1] "Even kings bow at the threshold." Czech proverb. *Page 1