OPINION
{¶ 1} Defendant-appellant, Arthur Macke, appeals the decision of the Clinton County Court of Common Pleas denying his motion to suppress evidence.
 {¶ 2} Appellant entered a plea of no contest and was found guilty of two felonies after the trial court denied his motion to suppress evidence.
 {¶ 3} Appellant's single assignment of error avers that the trial court erred when it failed to suppress evidence gathered in the execution of a search warrant because the *Page 2 
affidavit for the search warrant relied upon anonymous informants and, thus, was unsupported by probable cause, and the officers executing the warrant did not knock and announce their presence before forcibly entering his residence.
 {¶ 4} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 329, 332. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Bryson (2001), 142 Ohio App.3d 397, 402; State v. Forbes, Preble App. No. CA2007-01-001, 2007-Ohio-6412, ¶ 29. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Bryson; Forbes.
 {¶ 5} We will address first appellant's argument regarding the affidavit for the search warrant.
 {¶ 6} In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate [or judge], neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination of whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. State v.George (1989), 45 Ohio St.3d 325, syllabus, following Illinois v.Gates (1983), 462 U.S. 213, 103 S.Ct. 2317.
 {¶ 7} In conducting any scrutiny of an affidavit submitted in support of a search warrant after the fact, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. Gates; State v. Lane, Greene App. No. 07CA0014, 2008-Ohio-1605, ¶ 5. *Page 3 
 {¶ 8} The test for probable cause is determined from the totality of the circumstances. Gates at 230, 238-239. An informant's "veracity," "reliability" and "basis of knowledge" are all highly relevant in determining the value of his report, but these elements should not be understood as entirely separate and independent requirements to be rigidly exacted in every case. Id. at 230.
 {¶ 9} An officer's statement that he received reliable information from a credible person and believes contraband would be found at a home is insufficient standing alone to create probable cause sufficient to support a search warrant. Gates at 239. However, the substance of an anonymous tip, corroborated by police investigation, may comply with the "fair probability" of criminal activity at the location to be searched that probable cause requires. Lane at ¶ 16, citing Gates.
 {¶ 10} The affidavit in the case at bar included anonymous tips that appellant and other named individuals were "cooking methamphetamines" at a specific address on Dakin Chapel Road and at an outbuilding on the same property. A second tip stated that appellant and another were cooking and trafficking in methamphetamine in the Sabina area. Also listed in the affidavit was the previous drug conviction of appellant, as well as the drug convictions for some of the other named individuals.
 {¶ 11} The affidavit also stated that law enforcement conducted surveillance of the residence and corroborated the information provided by the informants regarding who would be present on the property. The affiant also indicated that police observing the residence detected the odor of anhydrous ammonia coming from the residence.
 {¶ 12} The judge who issued the search warrant placed the affiant under oath and recorded the conversation that took place as the affiant requested the search warrant. The recording was played at the motion to suppress hearing and later transcribed.
 {¶ 13} The affiant indicated that the smell of anhydrous ammonia was detected at the *Page 4 
property on four nights that law enforcement conducted surveillance, and that individuals at the house were observed walking from the house to the garage multiple times at all hours of the night.
 {¶ 14} The issuing judge asked the affiant about the informants, including whether they provided tips before, and whether they would provide reliable information. The affiant indicated they had no previous experience with these informants. The affiant stated that he believed the informants were credible, and that one of the informants had been involved in drug activity previously and "doesn't want to have anything to do with it anymore."
 {¶ 15} We conclude that the observations of law enforcement conducting surveillance of the property, which corroborated the information provided by the anonymous informants, contained sufficient information to support a finding of probable cause. See Lane at ¶ 17 (the anonymous tips corroborated by the observations of law enforcement were sufficient to show probable cause for the warrant); see, also, Gates at 241-242 (officer may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge).
 {¶ 16} The trial court also found that the "good faith exception" would be applicable to the facts of the instant case. See United Statesv. Leon (1984), 468 U.S. 213, 103 S.Ct. 3405; State v. Wilmoth, (1986),22 Ohio St.3d 251. The "good faith exception" as set forth inLeon and adopted by Wilmoth states that the Fourth Amendment exclusionary rule should not be applied to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. George, syllabus.
 {¶ 17} Accordingly, we find no error in the trial court's decision to deny the motion to *Page 5 
suppress based on the issue of probable cause in the affidavit.
 {¶ 18} Appellant also asked for suppression of evidence obtained through the execution of the search warrant because police failed to knock and announce their presence and purpose before they forcibly entered the residence.
 {¶ 19} The state stipulated at the suppression hearing that the law enforcement authorities did not knock and announce and, therefore, they acted in violation of R.C. 2935.12. After the state stipulated to a violation of R.C. 2935.12, no evidence was taken regarding the execution of the warrant.[1]
 {¶ 20} R.C. 2935.12 states, that:
 {¶ 21} "(A) When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused adm ittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant.
 {¶ 22} "(B) The precondition for nonconsensual, forcible entry established by division (A) of this section is subject to waiver, as it applies to the execution of a search warrant, in accordance with section2933.231 of the Revised Code."
 {¶ 23} The trial court noted that a 2006 Supreme Court case was an integral part of its determination of suppression issues in this case. In Hudson v. Michigan (2006), *Page 6 547 U.S. 586, 126 S.Ct. 2159, the United States Supreme Court held that theFourth Amendment exclusionary rule for evidence secured from a subsequent search would not be applied to knock and announce violations where officers have a valid search warrant. See State v. Johnson (C.A.6, 2007), 488 F. 3d 690, 696.
 {¶ 24} The United States Supreme Court had previously held that, given the longstanding common law endorsement of the practice of announcement, there is little doubt that the framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure. Wilson v. Arkansas (1995), 514 U.S. 927, 934, 115 S.Ct. 1914.
 {¶ 25} However, whether the exclusionary sanction is appropriately imposed in a particular case is an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct. Hudson at 591-592; Gates,462 U.S. at 223.
 {¶ 26} "In other words, exclusion may not be premised on the mere fact that a constitutional violation was a `but-for' cause of obtaining evidence. * * * In this case, of course, the constitutional violation of an illegal manner of entry was not a but-for cause of obtaining the evidence. Whether that preliminary misstep had occurred or not, the police would have executed the warrant they had obtained, and would have discovered the gun and drugs inside the house." Hudson at 592.
 {¶ 27} "What the knock-and-announce rule has never protected is one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that were violated in this case have nothing to do with the seizure of the evidence, the exclusionary rule is inapplicable." Hudson at 594.
 {¶ 28} After Hudson was issued, the Ohio Supreme Court in State v.Oliver, 112 Ohio St.3d 447, 2007-Ohio-372, remanded that case with directions to the trial court to determine, *Page 7 
"in light of the Hudson ruling," the "application of the exclusionary rule when the `knock and announce' rule is violated."
 {¶ 29} The Seventh District Court of Appeals released a decision before the Ohio Supreme Court issued its opinion in Oliver. The appellate court found that, "[b]ased on Hudson, no evidence should have been suppressed due to a violation of the knock-and-announce rule."State v. Marcum, Columbiana App. No. 04 CO 66, 2006-Ohio-7068, appeal not allowed, 113 Ohio St.3d 1514, 2007-Ohio-2208.[2]
 {¶ 30} The Fourth District Court of Appeals in State v. Gilbert, Scioto App. No. 06CA3055, 2007-Ohio-2717, concluded that the defendant's statutory and constitutional rights had been unreasonably violated by the manner in which the search warrant was executed. TheGilbert court engaged in an extensive discussion of Hudson before it subsequently held that, despite a finding that the police failed to comply with the knock and announce rule, such a violation did not warrant application of the exclusionary rule. Id. at ¶ 35-39, appeal not allowed, 115 Ohio St.3d 1473, 2007-Ohio-5735, ¶ 39.[3]
 {¶ 31} Appellant stressed to this court and we are aware of the factual distinctions in the cases listed above with regard to the manner in which police entered the dwelling. We are also cognizant of appellant's argument that the Ohio Supreme Court, given previous rulings on the Ohio Constitution, would hold that Ohio provides greater protections on this specific issue than the United States Constitution, and would exclude the evidence. See, e.g., State v. Oliver,2007-Ohio-372, (Pfeifer, J., dissenting). We choose not to adopt appellant's assertions and find his arguments not well-taken. *Page 8 
 {¶ 32} Accordingly, we find no error by the trial court when it relied upon Hudson and Gilbert, and did not exclude evidence after police violated the knock and announce provision. Further, we find no error in the trial court's decision to deny the motion to suppress evidence.
 {¶ 33} Appellant's single assignment of error is overruled.
 {¶ 34} Judgment affirmed.
BRESSLER and POWELL, JJ., concur.
[1] The audiotape of the affiant seeking the search warrant indicated that the affiant answered in the negative when asked if he sought a "no knock" search warrant. The trial court stated in its decision on the motion to suppress that the manner in which law enforcement forcibly entered the dwelling was "particularly troublesome" and, considering the hazards of such drug laboratories, placed everyone and the community "in jeopardy." We note that this court was not provided with any part of the record that details the manner in which authorities forcibly entered the dwelling, but we will accept the trial court's findings for purposes of this appeal.
[2] The Marcum decision was released in December 2006. The Ohio Supreme Court released State v. Oliver in February 2007. In May 2007, The Ohio Supreme Court refused to hear an appeal ofMarcum.
[3] The Second District Court of Appeals found no knock and announce violation in State v. Lam, Montgomery App. No. 21787, 2007-Ohio-5664, but stated that the assigned error concerning the decision to overrule appellant's motion to suppress for an alleged violation of the knock and announce rule is "properly rejected under the rule of Hudson v.Michigan." *Page 1