OPINION
{¶ 1} Defendant-appellant, Rico King, appeals the Butler County Court of Common Pleas decision denying his motion to suppress. We affirm the decision of the trial court.
 {¶ 2} In September 2006, as part of an ongoing investigation, Agent Aaron Sorrell, an undercover narcotics agent working for the Butler County Sheriff's Office, Drug and Vice Investigations Unit, purchased crack cocaine from appellant. A few days later, a confidential *Page 2 
informant went to appellant's apartment and made another cocaine purchase. Based on this information, Agent Sorrell obtained a warrant to search appellant's apartment for, among other things, drugs and drug paraphernalia.
 {¶ 3} On September 21, 2006, several members of the Drug and Vice Investigations Unit went to appellant's apartment to execute the warrant. Prior to executing the warrant, Agent Mike Hackney, the unit's supervisor, approached appellant who was sitting in his car and told him about the warrant. Thereafter, while appellant was getting out of his car, Agent Hackney saw a clear plastic bag, containing what he believed to be cocaine, partially sticking out from underneath the driver's seat. Agent Hackney removed the plastic bag from appellant's car and placed it on the hood. Appellant was then handcuffed so that his apartment could be safely searched.
 {¶ 4} A short time later, appellant, still in handcuffs, grabbed the plastic bag off the hood of his car and ran to a nearby sewer drain located in the parking lot. Once appellant got to the sewer drain, he began to scrape the plastic bag on the grate in an apparent attempt to break the bag and dispose of its contents. After a brief struggle, appellant was arrested and placed in a police cruiser.
 {¶ 5} These acts, along with other evidence obtained from appellant's apartment, led the police to charge him with one count of trafficking in cocaine, one count of escape, one count of obstructing official business, one count of permitting drug abuse, one count of resisting arrest, two counts of tampering with evidence, and two counts of possession of cocaine. Appellant filed a motion to suppress, which the trial court denied. Appellant entered a plea of no contest and was found guilty of all charges.
 {¶ 6} Appellant appeals the trial court's decision overruling the motion to suppress, raising one assignment of error.
 {¶ 7} Assignment of Error No. 1: *Page 3 
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT DENIED [APPELLANT'S] MOTION TO SUPPRESS SINCE THE AFFIDAVIT FOR THE SEARCH WARRANT FAILED TO ESTABLISH PROBABLE CAUSE AND CANNOT BE SALVAGED BY A CLAIM OF GOOD FAITH."
 {¶ 9} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 329, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact, and therefore, is in the best position to resolve factual questions and evaluate witness credibility. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 8. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Bryson (2001), 142 Ohio App.3d 397, 402. The appellate court then determines, as a matter of law, and without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 10} The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The exclusionary rule, while not an express mandate found in theFourth Amendment, is inherent in the Fourth Amendment's protective language and "operates as a judicially created remedy designed to safeguardFourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." State v.Cobb, Butler App. No. CA2007-06-153, 2008-Ohio-5210, ¶ 22; United Statesv. Leon (1984), 468 U.S. 897, 906, 104 S.Ct. 3405, citing United Statesv. Clandra (1974), 414 U.S. 338, 348, 94 S.Ct. 613. As a result, the exclusionary rule requires evidence seized as a result of an illegal search to be suppressed. *Page 4 Cobb at ¶ 22.
 {¶ 11} However, the exclusionary rule is not needed when police properly execute a legal warrant issued by a detached magistrate and supported by probable cause. State v. George (1989), 45 Ohio St.3d 325. A search warrant may be issued upon a showing of probable cause based upon the totality of the circumstances presented in an affidavit.State v. Goins, (Jan. 6, 2006), Morgan App. No. 05-8, 2006-Ohio-74, ¶ 12, citing George. In determining the sufficiency of probable cause in an affidavit, the issuing judge need only make a practical, common sense decision using a totality of the circumstances approach. Illinois v.Gates (1983), 462 U.S. 213, 232,103 S.Ct. 2317; State v. Akers, Butler App. No. CA2007-07-163, 2008-Ohio-4164. Probable cause "does not require a prima facie showing of criminal activity; rather, it only requires a showing that a probability of criminal activity exists." State v.Young, Clermont App. No. CA2005-08-074, 2006-Ohio-1784, ¶ 19.
 {¶ 12} When reviewing the decision to issue a warrant, neither a trial court nor an appellate court will conduct a de novo determination as to whether the affidavit provided sufficient probable cause. Cobb at ¶ 24. Instead, a reviewing court need only ensure that the issuing judge had a substantial basis for concluding that the probable cause existed based on the information contained in the four corners of the affidavit filed in support of the warrant. Id.; State v. Landis, Butler App. No. CA2005-10-428, 2006-Ohio-3538, ¶ 12. Therefore, the trial court's finding of probable cause should be given great deference and any "doubtful or marginal cases should be resolved in favor of upholding the warrant." Cobb at ¶ 15, citing George, 45 Ohio St.3d at paragraph two of the syllabus.
 {¶ 13} Appellant argues that the trial court erred in denying his motion to suppress evidence obtained during the execution of a search warrant because the warrant was not supported by probable cause. Appellant raises three issues with respect to the trial court's decision to deny his motion to suppress. Specifically, appellant argues that (1) "the *Page 5 
confidential informant completely lacked reliability and cannot be the basis for probable cause," (2) "there was no nexus between the alleged criminal conduct, the items to be seized and the place to be searched," and (3) "the warrant cannot be salvaged by a claim of good faith." These arguments lack merit.
 {¶ 14} First, appellant argues that the trial court erred in denying his motion to suppress because the search warrant "is exclusively dependent on the confidential informant's information," and such information "completely lacked reliability." We disagree.
 {¶ 15} Pursuant to Crim. R. 41(C), "the finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." In turn, "hearsay information may be considered in determining probable cause so long as the affiant presents the magistrate with the affiant's basis of knowledge and some underlying circumstances supporting the affiant's belief that the informant is credible" Goins at ¶ 14, citing George, 45 Ohio St.3d at 329.
 {¶ 16} However, where the "affidavit submitted in support of a search warrant is based solely upon hearsay information provided by an informant, and where that affidavit fails to set forth any facts of circumstances from which the issuing judge could conclude that the informant was credible or his information was reliable, that affidavit is insufficient" to provide a substantial basis for determining probable cause for a search exists. State v. Klosterman (May 24, 1995), Greene App. No. 94 CA 44, 1995 WL 324624 at *3 (emphasis added) (finding no probable cause to support the issuance of a warrant where the affidavit relied "exclusively on information provided by other persons, including informants, for its assertion that appellant was selling drugs from his home").
 {¶ 17} In this case, our review of the affidavit submitted to the issuing judge reveals that it is not "exclusively dependent on the confidential informant's information" as appellant *Page 6 
claims. Here, the affiant, Agent Sorrell, was directly involved in appellant's investigation and had personally observed some of appellant's drug activities. As his affidavit indicates, Agent Sorrell, along with a confidential informant, "made a controlled Crack Cocaine purchase from [appellant]" in "mid September 2006." Subsequent to Agent Sorrell's personal observations, the confidential informant again purchased cocaine from appellant "within the past 72 hours" at the "residence of 710 Symmes Ave. Apt. #3 City of Hamilton Butler County, Ohio," where appellant lived with his girlfriend.
 {¶ 18} Appellant highlights the fact that Agent Sorrell's affidavit did not provide any indication as to why the confidential informant could be considered reliable. However, the absence of such information does not render an affidavit fatally defective. See Illinois v.Gates, 462 U.S. at 238-239 (repudiating the previously required element of proof of the confidential informant's reliability in favor of a totality of the circumstances approach); see, also, State v. Smith
(Sept. 26, 2006), Ashtabula App. No. 2004-A-0088, 2006-Ohio-5186
(finding an affidavit was supported by probable cause even though affiant did not state the reasons why confidential informant could be considered reliable). As a result, because the issuing judge was able to accept as factually accurate every fact in Agent Sorrell's affidavit, i.e. that Agent Sorrell made a crack cocaine purchase from appellant and that a confidential informant made another cocaine purchase at appellant's apartment "within the past 72 hours," we defer to that determination. Therefore, by analyzing the totality of the circumstances under a common sense view, we find that the issuing judge did not err by concluding that probable cause existed for the issuance of the search warrant.
 {¶ 19} Second, appellant argues that the trial court erred in denying his motion to suppress because the affidavit submitted by police in support of the search warrant failed to establish a "nexus" between the place to be searched and the items to be seized, and therefore, failed to establish probable cause. This argument lacks merit. *Page 7 
 {¶ 20} Pursuant to Crim. R. 41(C), an affidavit submitted by police in an effort to obtain a search warrant must state, among other things, "the factual basis for the affiant's belief" that "the property to be searched for and seized" is at "the place to be searched."
 {¶ 21} In this case, the affidavit provided by Agent Sorrell stated that he, along with a confidential informant, "made a Crack Cocaine purchase" from appellant in "mid September 2006," and further, that a confidential informant again purchased "[c]ocaine from the residence of 710 Symmes Ave. Apt. #3," appellant's residence, "within the past 72 hours." Agent Sorrell also noted in his affidavit that he believed a search of appellant's apartment would lead to the discovery of "[c]rack [c]ocaine, other drugs of abuse, drug paraphernalia, items used to process and package illegal drugs, [and] * * * any weapons used to protect said contraband." Based on the foregoing, the trial court determined that a proper "nexus" existed between the place to be searched and the items to be seized.[1] We find no error in this conclusion.
 {¶ 22} Third, in addition to asserting that the warrant lacked probable cause, appellant also argues that the trial court erred in finding that the warrant, even if insufficient, could be "salvaged by a claim of `good faith.'" However, we find that even if we were to find the affidavit did not provide the issuing judge with probable cause, we would still uphold the trial court's decision overruling appellant's motion to suppress based on the "good faith exception" to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897.
 {¶ 23} In Leon the United States Supreme Court held that "theFourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant *Page 8 
issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." George, 45 Ohio St.3d at 330, citing Leon at 918-923, 926. As a result, when the executing officers rely in good faith on the warrant issued by a detached and neutral magistrate, the exclusionary rule will not be applied to bar the use of evidence obtained by officers without a legal search warrant, even if the warrant is not supported by probable cause. Cobb at ¶ 37, citing State v.Macke, Clinton App. No. CA2007-08-033, 2008-Ohio-1888. Therefore, if the executing officers' reliance on the search warrant is objectively reasonable, the evidence will not be suppressed. Id.
 {¶ 24} However, the good faith exception is not automatically triggered anytime an officer relies on a search warrant, but instead, there are several circumstances in which the good faith exception to the exclusionary rule set forth in Leon will not apply. For example, an executing officer cannot reasonably rely upon a search warrant when the officer knows that the supporting affidavit the magistrate relied on is false or misleading, the issuing judge wholly abandoned his judicial role, the warrant is facially deficient, or where the executing officers rely "on [a] warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon at 923.
 {¶ 25} Appellant argues that all four of the circumstances in which the Leon good faith exception does not apply are present in this case. We disagree.
 {¶ 26} Initially, appellant, although not explicitly stated in his brief, apparently claims that the issuing judge was misled by the affidavit submitted in support of the warrant, and that the judge wholly abandoned his judicial role by issuing the warrant. However, appellant failed to raise these issues to the trial court during the motion to suppress hearing, and also failed to provide any evidence to support his claim to this court. As the trial court stated, "[t]here is no evidence to indicate that the judge or magistrate was mislead by the information in the affidavit, and that the magistrate or judge wholly abandoned his judicial role * * *" We find no *Page 9 
error in the trial court's conclusion.
 {¶ 27} Next, this is not a case where the warrant was "so facially def icient-i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid." George at 331, quoting Leon at 923. The warrant in this case particularized the place to be searched, which was appellant's apartment located at "710 Symmes Ave. Apt. #3 City of Hamilton Butler County, Ohio," and the things to be seized: "[c]rack [c]ocaine, other drugs of abuse, drug paraphernalia, items used to process and package illegal drugs, monies associated with the sale of illegal drugs, documents or other ledgers used for the sale of drugs, and any weapons used to protect said contraband." As a result, the warrant was not facially deficient, let alone "so facially deficient * * * that the executing officers [could not] reasonably presume it to be valid."
 {¶ 28} Finally, this case does not qualify as one where the officers involved relied upon a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. As we have stated previously, the affidavit supplied by Agent Sorrell indicated that he recently purchased crack cocaine from appellant, and further, that a confidential informant went to appellant's apartment and purchased cocaine "within the past 72 hours." The personal observations of Agent Sorrell, as well as the recent purchase of cocaine by a confidential informant at appellant's apartment, rendered the police officers' belief in the validity of the search warrant reasonable. See, e.g.,Akers, 2008-Ohio-4164, ¶ 27-37.
 {¶ 29} Accordingly, the trial court did not err in its decision to deny appellant's motion to suppress. Therefore, appellant's sole assignment of error is overruled.
 {¶ 30} Judgment affirmed.
WALSH, P.J. and YOUNG, J., concur.
[1] {¶ a} Specifically, the trial court stated:
{¶ b} "The residence in which the cocaine was purchased is the residence of [appellant]. I think [that] give[s] us the proper nexus that we need to relate [appellant] to the drugs, and [appellant] to the residence, and [appellant] to selling drugs, all of this within a relatively short period of time." *Page 1