[Cite as *State v. Wells*, 2022-Ohio-2903.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 0077 |
| CRYSTAL WELLS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2021 CR 0049


JUDGMENT:                        Affirmed in Part; Reversed in Part  and
                                 Remanded


DATE OF JUDGMENT ENTRY:          August 17, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               DARIN AVERY
PROSECUTING ATTORNEY                      105 Sturges Avenue
JODIE SCHUMACHER                          Mansfield, Ohio  44903
ASSISTANT PROSEUTOR
38 South Park Street, Second Floor
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Appellant Crystal Wells appeals the judgment and sentence of the Richland County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2} On January 21, 2021, Appellant was indicted on one count of Possession of Cocaine, in violation of R.C. §2925.11, one count of Trafficking in Cocaine, in violation of R.C. §2925.03, one count of Aiding and Abetting Trafficking in Cocaine, in violation of R.C. §2923.03 and R.C. §2925.03, one count of Possession of a Fentanyl-Related Compound, in violation of R.C. §2925.11, and one count of Receiving Proceeds of an Offense Subject to Forfeiture, in violation of R.C. §2927.21.

{¶3} On May 17, 2021, Appellant filed a Motion to Suppress evidence seized from the vehicle on August 26, 2020.

{¶4} On July 7, 2021, the trial court held a hearing on Appellant's Motion to Suppress.

{¶5} At the Suppression Hearing, Officer Frech testified he was employed as a police officer with the City of Mansfield on August 26, 2020. On that date, Frech was working criminal interdiction and witnessed a gray Jeep Grand Cherokee with West Virginia license plates traveling in the fast lane. The operator of the vehicle was a tall male. The operator was leaned back in the vehicle behind the A pillar, did not look at the officer as he passed by, immediately moved to the right lane, and exited the highway. As part of his training, Officer Frech noted these are sometimes indicators of criminal activity.

{¶6} Officer Frech began to follow the vehicle but lost it. Later he observed the vehicle parked at an apartment building on Brookfield Drive. The vehicle was parked in a no-parking zone, the driver's window was down, and Officer Frech could smell the odor of marijuana coming from the vehicle.

{¶7} Three individuals were in the vicinity of the vehicle, but none claimed ownership of the vehicle. The vehicle was registered to a rental company. Officers then entered the apartment complex and knocked on doors, attempting to determine if the operator of the vehicle was in the apartment building.

{¶8} After contacting the rental company, officers discovered the vehicle was not returned at the end of the rental agreement. The individual who rented the vehicle was Keith Higgins. According to the rental agreement, no one else was authorized to use the vehicle.

{¶9} Officers received authorization from the property owner to have the vehicle towed. Terry's Towing and Body Shop towed the vehicle. Before it was towed, the officers completed an inventory of the vehicle.

{¶10} Prior to the inventory search, officers spoke with Appellant, who indicated she did not know who was driving the vehicle or to whom it belonged. During the inventory search, Appellant stated the vehicle belonged to her, and that the items inside belonged to her as well.

{¶11} On July 13, 2021, the trial court denied Appellant's Motion to Suppress.

{¶12} On August 4, 2021, Appellant pled no contest to one count of Possession of Cocaine, in violation of R.C. §2925.11, one count of Trafficking in Cocaine, in violation of R.C. §2925.03, one count of Aiding and Abetting Trafficking in Cocaine, in violation of

R.C. §2923.03 and §R.C. 2925.03, and one count of Possession of a Fentanyl-related Compound, in violation of R.C. §2925.11.

### ASSIGNMENTS OF ERROR

{¶13} Appellant filed a timely notice of appeal. She herein raises the following Assignments of Error:

{¶14} "I. THE COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.

{¶15} II. THE COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF THE MISDEMEANOR COUNT OF RECEIVING PROCEEDS OF AN OFFENSE SUBJECT TO FORFEITURE."

### I.

{¶16} In Appellant's First Assignment of Error, Appellant argues the trial court erred in failing to suppress evidence. We disagree.

{¶17} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S.1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶18} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. The trial court is the finder of fact in evaluating a motion to suppress; therefore, it is in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* The trial court's findings of fact must be accepted by an appellate court if they are supported by

competent, credible evidence. *Id.* "Accepting facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* That is, the appellate court will review the application of the legal standard to the facts *de novo. Id.*

**{¶19}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. *State v. Goins*, 5th Dist. Morgan No. 05-9, 2006-Ohio-74, ¶10. First, an appellant may challenge the trial court's finding of fact. *Id.* Second, an appellant may argue the trial court failed to apply the appropriate test to correct law to the findings of fact. *Id.* Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. *Id.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. *Id.* When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

**{¶20}** In the case *sub judice*, Appellant argues the trial court incorrectly decided the ultimate issue raised in the Motion to Suppress as no search warrant was obtained, and no exception to the warrant requirement applies in this matter.

**{¶21}** The trial court predicated its decision on Appellant's lack of standing.

**{¶22}** "The suppression of evidence obtained in violation of the Fourth Amendment can be urged only by those whose rights were violated by the search itself. *State v. Burton*, 5th Dist. Licking No. 00CA0013, 200 Ohio App. LEXIS 3214. A person operating a motor vehicle without the permission of its owner has no standing to challenge

the validity of a search of the automobile by law enforcement officers. *State v. Crickon* (1988), 43 Ohio App.3d 171. Furthermore, in general, a passenger has no standing to challenge the search of a vehicle if the passenger lacks a proprietary or possessory interest in the vehicle. *See, e.g., State v. Jalloh*, 2d Dist. Montgomery No. 24972, 2012-Ohio-5314, ¶31, citing *State v. Parker*, 2d Dist. Montgomery No. 24406, 2012-Ohio-839, ¶27, citing *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Miller*, 8th Dist. Nos. 104427 and 104428, 2017-Ohio-961, 86 N.E.3d 695, ¶7 (8th Dist.)

{¶23} In *State v. Henderson*, 5th Dist. Ashland No. 07COA031, 2008-Ohio-5007, ¶22, the defendant was operating a rental vehicle in which the drugs were found. However, there is absolutely no evidence that he was authorized by the rental agreement to do so. *Id.* The record also lacked any evidence that the defendant was authorized to operate the vehicle by the individual who rented the vehicle. *Id.*

{¶24} In the case at bar, Appellant lacked standing to challenge the search of the vehicle. The evidence demonstrated the vehicle was owned by the rental company, it was leased to someone other than Appellant, the rental agreement had lapsed, and the record does not support Appellant having authorization to use the vehicle. As a result, Appellant lacked standing to contest the validity of the search of that vehicle.

{¶25} Accordingly, Appellant's First Assignment of Error is overruled.

**II.**

{¶26} In Appellant's Second Assignment of Error, Appellant argues the trial court erred in finding Appellant guilty of Receiving Proceeds of an Offense Subject to Forfeiture. We agree.

**{¶27}** Appellant cites no statutory, case law, rules of evidence, or learned treatise from this or any other jurisdiction to support her argument. Accordingly, Appellant's brief does not comply with App.R. 16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶28}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, at ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, at ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 4th Gallia No. 07CA4, 2008-Ohio-2194, at ¶12. *See, also*, App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright*, 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, at ¶16; *Tally v. Patrick,* 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, at ¶21-22; *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, at ¶23; *State v. Paulsen*, 4th Hocking Nos. 09CA15, 2010-Ohio-806, ¶6; *State v. Norman*, 5th Guernsey

No. 2010-CA-22, 2011-Ohio-596, ¶29; *State v. Untied*, 5th Dist. Muskingum No. CT20060005, 2007 WL 1122731, ¶141.

**{¶29}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd. v. Transcontinental Ins. Co.*, 5th Dist. Richland No. 2004-CA-0029, 2005 WL 1414486, ¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356, 188 N.E. 553, 555 (1933).

**{¶30}** In the interest of justice, we will proceed to consider this assignment of error.

**{¶31}** Appellant argues that the trial court erred in finding Appellant guilty of Receiving Proceeds of an Offense Subject to Forfeiture Proceedings in violation of R.C. §2927.21, the trial court did not advise Appellant of the effect of a no contest plea to this count.

**{¶32}** Crim.R. 11 governs plea. Subsection (A) states:

A defendant may plead not guilty, not guilty by reason of insanity, guilty or with consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas may be made orally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A). The pleas of not guilty and not guilty by reason of insanity may be joined. If a

defendant refuses to plead, the court shall enter a plea of not guilty on behalf

of defendant.

**{¶33}** In the case *sub judice*, the trial court did not ask the defendant to plead on

the record to the fifth count of the indictment: Receiving Proceeds of an Offense Subject

to Forfeiture Proceedings in violation of R.C. §2927.21. While Appellant did indicate on

the change of plea form that she intended to enter a plea of no contest to this count,

Crim.R. 11 requires a defendant plead orally either in person or via remote

contemporaneous video. The trial court also issued a sentencing entry indicating it found

Appellant guilty on a "no contest" plea. However, as this count was not discussed in

person or by remote contemporaneous video at either the change of plea hearing nor the

sentencing hearing, this assignment of error shall be remanded for further proceedings

consistent with this opinion.

**{¶34}** For the foregoing reasons, the judgment of the Court of Common Pleas of

Richland County, Ohio, is affirmed in part, reversed in part, and remanded.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/br 0815