[Cite as *State v. Tillman*, 2022-Ohio-4341.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| IDRISSA TILLMAN | : | Case No. 2022 CA 00018 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Licking County
                                            Court of Common Pleas, Case No.
                                            21 CR 243


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT:                           December 5, 2022


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

WILLIAM HAYES                               MICHAEL R. DALSANTO
Licking County Prosecuting Attorney         P.O. Box 98
                                            Newark, Ohio 43058
By: ROBERT N. ABDALLA
Assistant Prosecuting Attorney
20 South 2nd Street
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Defendant-appellant Idrissa Tillman appeals his conviction and sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On May 6, 2021, the Licking County Grand Jury indicted appellant on one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(e), a felony of the third degree, and one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(e), also a felony of the third degree. The indictment also contained a specification seeking forfeiture of U.S. currency. At his arraignment on May 11, 2021, appellant entered a plea of not guilty to the charges.

{¶3}   On July 27, 2021, appellant filed a Motion to Suppress all evidence and derivative evidence related to the April 23, 2021 traffic stop of appellant. Appellee filed a response to the same on August 6, 2021. On October 1, 2021, appellant filed a Motion to Pre-Approve Funds for an Expert Witness. Appellant specifically sought funds to hire an expert witness to testify that the odor of legal hemp and illegal marijuana are indistinguishable.

{¶4}   An oral hearing on the Motion to Suppress was held on December 21, 2021. At the hearing, Deputy Dustin Prouty of the Muskingum County Sheriff's Office testified that he was attached to the Central Ohio Drug Enforcement Task Force and did drug interdiction work. He testified that on April 23, 2021, he was in uniform in a marked cruiser watching for drug smugglers when he noticed a suspicious car traveling eastbound on State Route 70. He testified that he believed the car was suspicious because the driver put both hands on the wheel and sat back in his seat as he approached the officer. Deputy

Prouty notified Detective Justin Woodyard about his observations and decided to follow the vehicle. He witnessed the car exit the highway and pull into a gas station. Deputy Prouty later followed the vehicle back onto the highway at which time he observed the vehicle traveling significantly over the speed limit. As a result, the Deputy pulled the vehicle over. Detective Woodyard showed up around the same time as the stop.

{¶5}   Deputy Prouty testified that when he made contact with the driver of the vehicle, who was appellant, he "[i]mmediately could smell a strong odor of raw marijuana." Transcript of December 21, 2021 hearing at 14. The Deputy had appellant and his two passengers exit the vehicle. Deputy Prouty indicated to appellant that he was conducting a probable cause search based on the smell of marijuana. Deputy Prouty testified that appellant got agitated and told him that "you don't smell marijuana—there's no marijuana in there [his vehicle]." Transcript of December 21, 2021 hearing at 16. Upon searching the vehicle, Deputy Prouty found a large amount of vacuum sealed bags in the trunk with marijuana inside. Deputy Prouty also found a bag full of marijuana edibles. Appellant and his two passengers were arrested. On cross-examination, Deputy Prouty testified that a bag of marijuana and a marijuana cigarette were found in the cabin of the vehicle.

{¶6}   Detective Justin Woodyard of the Licking County Sheriff's Office testified that he was assigned to the Central Ohio Drug Enforcement Task Force. He testified that he was working undercover on drug interdiction on April 23, 2021 when he received information from Deputy Prouty. He testified that Deputy Prouty informed him that he had observed criminal indicators. Detective Woodyard responded to the scene and observed appellant who was pumping gas. After appellant's vehicle left the gas station, the Detective observed appellant speeding and failing to use his turn signals. Once Deputy

Prouty pulled appellant's vehicle over, Detective Woodyard arrived at the traffic stop. He testified when he approached the driver's side door, he immediately "detected the odor of raw marijuana emitting from the vehicle." Transcript of December 21, 2021 hearing at 64. When appellant exited the vehicle, he told Detective Woodyard that there was a bag of marijuana in the driver's side door pocket. Marijuana was found in that location and a marijuana joint was found in the center console. Detective Woodyard testified that this occurred after appellant was informed that a probable cause search was going to be conducted and he was ordered out of his vehicle.

{¶7} On cross-examination, Detective Woodyard testified that he was trained that because hemp was indistinguishable from marijuana without a lab test, all suspected marijuana needed to be sent to the lab for further testing for confirmation.

{¶8} At the conclusion of the hearing, the trial court denied both appellant's motion for expert witness fees as well as appellant's Motion to Suppress. The trial court, in denying the first motion, stated, in relevant part, as follows:

{¶9} THE COURT: All right. Well, let - - let me address the issue of a - - on a - - of an expert. I don't think an expert here is - - is necessary. I'll accept the contention that there's no - - for the purpose of - - argument, that there's no distinction between the odor of raw - - of hemp and marijuana. I'll take that as true. But even if I do that, that does not mean that the case law - - um - - holding that an odor - - an overwhelming odor - - a powerful odor of raw marijuana authorizing a warrantless search of a vehicle all of the sudden comes to an end. I - - I - - there's no case that says it does.

Even though hemp is now - - uh - - recognized as legal, it's still highly regulated and I will point to - - uh - - Code Section 928, et seq. - - uh - - which is the codified version

of the legalization of hemp. However, um - - the cultivation and processing of hemp require licenses that required - - they're required to be issued by the Department of Agriculture.

So, even though it may be legal now to possess hemp or hemp-related products, that doesn't mean - - uh - - that it itself is still not a highly regulated product or commodity, or - - um - - process; it is - - it is. You have to have a license to process it, you have to be licensed to cultivate it, and there's even a regulation or a statute that prohibits the transportation of hemp in violation of rules adopted under 928.03. I'm not sure what those rules are, but - - uh - - the fact that it's still a highly regulated commodity, I think undercuts this notion or this argument that since hemp is legal and there's no distinction between marijuana and hemp, the case law that says the odor of raw marijuana authorizing a search warrant or a warrantless search of a vehicle now is - - is - - us - - pointless or has no - - uh - - justification anymore, I just don't see it that way. So that's why I'm not going to grant the Motion for an Expert. I understand. I'll accept argument - - uh - - arguendo this notion that there's no distinction. Even if there's not, I believe the overwhelming odor - - uh - - powerful odor of raw marijuana or hemp coming from a motor vehicle will - - uh - - under the case law still authorize a police officer to search.

{¶10} Transcript of December 21, 2021 hearing at 103-105. The trial court, in denying the Motion to Suppress, found that appellant's driving justified a traffic stop. The trial court noted that there was testimony that appellant drove on the berm to get onto the entrance to the ramp and that appellant was traveling in excess of 100 miles per hour. The trial court further found that appellant's admission that there was marijuana in the driver's side door at "about the same time or before" the trunk was searched" in

combination with the strong odor of marijuana authorized the warrantless search of the vehicle. A Decision and Entry denying both motions was filed on December 28, 2021.

{¶11} On January 27, 2022, appellant withdrew his former not guilty plea and entered a plea of no contest to both charges and the forfeiture specification. Pursuant to a Judgment Entry filed on March 7, 2022, appellant was placed on community control for a period of three (3) years and was fined $5,000.00. In addition, appellant's driver's license was suspended for one (1) year and appellant was ordered to forfeit $10,788.00.

{¶12} Appellant now raises the following assignments of error on appeal:

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS BECAUSE THE SEARCH OF THE APPELLANT'S VEHICLE WAS NOT SUPPORTED BY PROBABLE CAUSE OR THE PROBABLE CAUSE WAS ONLY FOR A MINOR MISDEMEANOR."

{¶14} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION FOR PRE-APPROVAL OF EXPERT FEES BECAUSE THERE WAS S REASONABLE PROBABILITY THAT THE EXPERT WOULD AID IN THE APPELLANT'S DEFENSE AND THE DENIAL OF AN EXPERT RESULATED IN AN UNFAIR HEARING."

I

{¶15} Appellant, in his first assignment of error, argues that the trial court erred in denying his Motion to Suppress because the search of his vehicle was not supported by probable cause or the probable cause was only for a minor violation. We disagree.

{¶16} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 St.3d 152, 2003-Ohio-5372, 100 Ohio St.3d 152, 797 N.E.2d

71, ¶8. The trial court is the finder of fact in evaluating a motion to suppress; therefore, it is in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* The trial court's findings of fact must be accepted by an appellate court if they are supported by competent, credible evidence. *Id.* "Accepting facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* That is, the appellate court will review the application of the legal standard to the facts *de novo. Id.*

**{¶17}**  There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. *State v. Goins*, 5th Dist. Morgan No. 05-9, 2006-Ohio-74, ¶10. First, an appellant may challenge the trial court's finding of fact. *Id.* Second, an appellant may argue the trial court failed to apply the appropriate test to correct law to the findings of fact. *Id.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. *Id.* When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

**{¶18}**  Appellant, in the case sub judice, does not challenge the initial stop of his vehicle, but argues that the search of his vehicle was not supported by probable cause. Generally, "[f]or a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *State v. Moore,* 90 Ohio St.3d 47, 49, 2000-Ohio-10, 734 N.E.2d 804. However, "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle", pursuant to the automobile exception to the warrant

requirement. There need not be other tangible evidence to justify a warrantless search of the vehicle. *Id.* at 48.

**{¶19}** At the suppression hearing, Detective Woodyard testified that he smelled the "odor of raw marijuana emitting from the vehicle." Transcript of December 21, 2021 hearing at 64. He testified that had dealt with marijuana thousands of times in his 17 year career in law enforcement and that he was familiar with the smell of marijuana. Deputy Prouty testified that he had handled drugs and had seen and smelled a lot of marijuana throughout his career. Because both testified that they had experience detecting the smell of marijuana, the standard in *Moore* has been satisfied. "The fact that illegal marijuana and legal forms of hemp have the same odor is irrelevant so long as some forms of marijuana remain illegal. Thus, *Moore* remains good law and any detection of the odor would give probable cause to search*." State v. Withrow,* 2022-Ohio-2850, 194 N.E.3d 804, ¶ 19.

**{¶20}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶21}** Appellant, in his second assignment of error, contends that the trial court erred in denying his Motion to Pre-Approve Funds for an Expert Witness. Appellant specifically sought funds to hire an expert witness to testify that the odor of legal hemp and illegal marijuana are indistinguishable.

**{¶22}** The Ohio Supreme Court has repeatedly recognized that "due process and fundamental fairness require the state to provide an indigent criminal defendant with 'access to the raw materials integral to the building of an effective defense.' "State *v. Brady,* 119 Ohio St.3d 375, 2008–Ohio–4493, 894 N.E.2d 671, ¶ 21, quoting *Ake v.*

*Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). See also *State v. Mason*, 82 Ohio St.3d 144, 149, 1998-Ohio-370, 694 N.E.2d 932. Specifically, the Ohio Supreme Court has recognized that "due process * * * requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial." *Mason* at 150, 694 N.E.2d 932.

**{¶23}** Pursuant to *Ake* and *Mason,* it is appropriate for a court to consider the following factors in determining whether the provision of an expert witness is necessary: "(1) the effect on the defendant's private interest in the accuracy of the trial if the requested service is not provided, (2) the burden on the government's interest if the service is provided, and (3) the probable value of the additional service and the risk of error in the proceeding if the assistance is not provided." *Mason,* 82 Ohio St.3d at 149, 694 N.E.2d 932, citing *Ake,* 470 U.S. at 78–79, 105 S.Ct. 1087, 84 L.Ed.2d 53. In the absence of a particularized showing of need, due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution does not require the provision of an expert witness. *Mason* at 150, 694 N.E.2d 932. The appointment of defense experts is within the sound discretion of the trial court*. State v. Jalowiec*, 91 Ohio St. 3d 220, 236, 2001-Ohio-26, 744 N.E.2d 163, 180. In order to find that there was as abuse of discretion, we must find that the trial court's decision was arbitrary, unconscionable or unreasonable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 218, 218, 450 N.E.2d 1140 (1983).

**{¶24}** We find that the trial court did not abuse its discretion in denying appellant's motion because the trial court's decision was not arbitrary, unconscionable or unreasonable. The trial court, without the need for expert testimony, accepted appellant's assertion that there was no way to distinguish between the odor of raw marijuana and hemp. We concur with the trial court that "the overwhelming odor—uh—powerful odor of raw marijuana or hemp coming from a motor vehicle will…under the case law still authorize a police officer to search." Transcript of December 21, 2021 hearing at 105. As is stated above, "[t]he fact that illegal marijuana and legal forms of hemp have the same odor is irrelevant so long as some forms of marijuana remain illegal. Thus, *Moore* remains good law and any detection of the odor would give probable cause to search*." State v. Withrow,* 2022-Ohio-2850, ¶ 19, 194 N.E.3d 804, ¶ 19. There was, therefore, no need for expert testimony that there was no way to distinguish between the odor of raw marijuana and hemp.

**{¶25}** Appellant's second assignment of error is, therefore, overruled.

{¶26} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.