[Cite as *State v. Meyer*, 2023-Ohio-95.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AARON J. MEYER, | : | Case No. 22-COA-013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Ashland County
                                       Municipal Court, Case No.
                                       21TRC08417


JUDGMENT:                              Affirmed


DATE OF JUDGMENT:                      January 12, 2023


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ANDREW N. BUSH                         JOSEPH P. KERNS, JR.
Assistant Director of Law              P.O. Box 345
1213 E. Main St.                       153 West Main Street
Ashland, Ohio 44805                    Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}**   Aaron Meyer appeals his conviction for O.V.I., a violation of R.C. 4511.19(A)(1)(D). The State of Ohio is appellee.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   Officer Kyle Dress of the Ashland Police Department walked through Riley's Bar at 1:00 a.m. on November 25, 2021 and exchanged a few words with Appellant, Aaron Meyer. Meyer made comments that the Officer understood as "I should not be driving, don't worry, don't look at me, I will be fine, I will get a ride." (Suppression Hearing Transcript, p. 8, lines 8-14).

**{¶3}**   At 2:30 a.m. Officer Dress noticed a vehicle leave the parking lot near Riley's and travel five to ten miles per hour in a twenty-five mile per hour zone. While Dress followed the vehicle, the driver twice failed to stop behind the stop bar in violation of Ashland Codified Ordinance 331.19(A). In the first instance, he stopped with the front wheels past the stop bar and the rear wheels on the stop bar. At the second stop, all four wheels passed beyond the stop bar before the car came to a complete stop. Officer Dress switched on his overhead lights and the driver promptly pulled to the side of the road.

**{¶4}**   Officer Dress recognized the driver as Meyer, the person who earlier was seen drinking at Riley's and who acknowledged that he should not be driving. When Meyer saw the officer, he put his head down, as if in defeat and explained that he was not able to find a ride. Meyer did not put his window down completely when Officer Dress approached and the Officer suspected this was done to hide the odor of alcoholic beverages. He asked Meyer to step from the car and he then noticed a moderately strong

odor of alcoholic beverages. Officer Dress asked Meyer how much he had to drink and he admitted to drinking eight or nine beers beginning at 9:00 p.m.

{¶5}    Officer Dress conducted filed sobriety tests and charged Meyer with O.V.I. in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d) and a violation of Ashland Codified Ordinance 331.19 for running the stop signs.

{¶6}    Meyer moved to suppress the results of the field sobriety tests contending that the extension of the traffic stop to administer those tests was improper. Officer Dress testified at the hearing on the motion, the motion was denied and Meyer amended his plea to no contest and was found guilty of the charge. He filed a timely appeal and submitted one assignment of error:

{¶7}    "I. THE TRAIL(SIC) COURT ERRED IN FINDING THAT THE CONTINUED DETENTION OF THE APPELLANT WAS PROPER."

## STANDARD OF REVIEW

{¶8}    Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The trial court is the finder of fact in evaluating a motion to suppress; therefore, it is in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* The trial court's findings of fact must be accepted by an appellate court if they are supported by competent, credible evidence. *Id.* "Accepting facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard*." Id.* That is, the appellate court will review the application of the legal standard to the facts de novo. *Id.*

**{¶9}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. *State v. Goins,* 5th Dist. Morgan No. 05-8, 2006-Ohio-74, ¶ 10. First, an appellant may challenge the trial court's finding of fact. *Id.* Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. *Id.* Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. *Id.* When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist. 1994).

**{¶10}** While Meyer characterizes the facts differently than appellee, we do not find that he is challenging the findings of fact or that the wrong test was applied. Meyer is contending that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress and therefore we review the decision de novo.

## ANALYSIS

**{¶11}** Meyer reviews the facts and concludes that Officer Dress did not have "did not have reasonable, articulable suspicion to continue the detention" and highlights the fact that the Officer did not report that he had glassy, blood-shot eyes, slurred speech, lethargic movements or difficulty getting in or out of the vehicle. And, while Meyer does mention facts that could tend to support a conclusion of reasonable, articulable suspicion, he considers them in isolation rather than measuring their cumulative impact.

**{¶12}** A police officer may perform field sobriety tests after the officer stopped the vehicle for a minor traffic offense, when "the request is separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated." *Parma Hts. v.*

*Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist. 1998). When evaluating the reasonableness for the field sobriety tests, a reviewing court considers "the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Dedejczyk* at ¶ 29, quoting *State v. Dye*, 11th Dist. Portage No. 2001-P-0140, 2002-Ohio-7158, ¶ 18.

{¶13} Meyer argues that there is no evidence that he exhibited glassy, blood-shot eyes, slurred speech, lethargic movements or difficulty getting in or out of the vehicle. These observations are not conclusive in this context, but only facts that the officer and the trial court must consider. *State v. Horvath*, 5th Dist. Delaware No. 18 CAC 01 0006, 2018-Ohio-5379, ¶ 24. In *State v. Hodges*, 5th Dist. Licking No. 2022 CA 00012, 2022-Ohio-3535, ¶¶ 16-17, we reviewed a lengthy and non-exhaustive list of factors that are relevant to evaluate whether an officer had reasonable suspicion to administer field sobriety tests under the totality of circumstances:

(1)     The time of day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning);

(2)     The location of the stop (whether near establishments selling alcohol);

(3)     Any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.);

(4)     Whether there is a cognizable report that the driver may be intoxicated;

(5)     The condition of the suspect's eyes (bloodshot, glassy, glazed, etc.);

(6)      Impairments of the suspect's ability to speak (slurred speech, overly

deliberate speech, etc.);

(7)      The odor of alcohol coming from the interior of the car, or, more

significantly, on the suspect's person or breath;

(8)      The intensity of that odor, as described by the officer ("very strong,"

"strong," "moderate," "slight," etc.);

(9)      The suspect's demeanor (belligerent, uncooperative, etc.);

(10)     Any actions by the suspect after the stop that might indicate a lack

of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and

(11)     The suspect's admission of alcohol consumption, the number of

drinks had, and the amount of time in which they were consumed, if given.

*Evans* at 63, 711 N.E.761, fn. 2. "All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably." *Id.*

{¶14} In analyzing the facts presented, we accept the template set forth by the Supreme Court of Ohio in *State v. Batchili*, 113 Ohio St.3d 403, 2007–Ohio–2204, 865 N.E.2d 1282, paragraph two of the syllabus: "The 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." The intrusion on the drivers' liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion the driver is under the influence of alcohol in order to conduct a field sobriety test. *State v. Knox*, Greene App. No. 2005–CA–74, 2006–

Ohio–3039. *See also, State v. Bright*, 5th Dist. Guernsey App. No. 2009–CA–28, 2010–Ohio–1111.

**{¶15}** The trial court provides the required review of the relevant facts in its judgment entry:

> Based on the observed bad driving (extreme slow speed and multiple stop sign violations), the presence of Defendant in Riley's Bar, Defendant's own admission that he shouldn't be driving and would get a ride, the observation of Defendant actually holding a beer 1.5 hours earlier at Riley's, the fact that Defendant left the bar at closing time, the moderate odor of alcoholic beverage on his person, his effort to conceal the odor, and his admission of 8 or 9 beers recently consumed, the Officer suspected impairment and decided to perform Standardized Filed Sobriety Tests.

Judgment Entry Regarding Defendant's Motion To Suppress, Mar. 24, 2022, p. 3.

**{¶16}** We cannot improve upon the trial courts analysis of the facts of this case and we agree that the conduct of the Field Sobriety Tests was "separately justified by a reasonable suspicion based upon articulable facts" that Meyer was intoxicated.

**{¶17}** Meyers assignment of error is denied and the judgment of the Ashland County Municipal Court is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Wise, John, J. concur.