

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00203-CR

Larry **ISAAC**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 8195
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 16, 2023

AFFIRMED

This appeal concerns the similarity in appearance and smell of hemp, a legal substance, and marijuana, an illegal substance. Appellant Larry Isaac challenges whether officers can still rely on their training and experience and sense of sight and smell to establish probable cause for marijuana possession since hemp has become legal and is easily confused for marijuana. Specifically, he challenges a search of his car that was based on the sight and smell of alleged marijuana, which led an officer to find methamphetamines. We affirm the trial court's judgment.

BACKGROUND

On January 16, 2021, between 8 and 9 a.m., Patrolman Ramirez of the Kendall County Sheriff's Office was dispatched to Love's Truck Stop in Comfort regarding a man who had been parked at a pump (Number 15) for about an hour. The caller, who was the store's manager, said the man was wandering around the store and appeared to be under the influence of something. When Patrolman Ramirez arrived at the gas station, he located pump 15, saw a car that matched the caller's description, and pulled in behind it. Patrolman Ramirez walked up to the car and knocked on the driver's window. There was a man inside, and he was reclined back in his seat. The man looked up at Patrolman Ramirez. His back window was rolled down about six inches, so Patrolman Ramirez addressed the man through the window gap. He asked for the man's identification and watched as the man reached toward the center console. At the center console, Patrolman Ramirez saw what appeared to be two marijuana joints, which the man picked up and placed between the center console and the passenger seat.

Patrolman Ramirez testified that he was familiar with the appearance and smell of marijuana joints from his training and experience,[1] and that these joints matched in both appearance and smell.[2] He asked the man, who was later identified as Appellant Larry Isaac, to step out and stand near the back of the car.

Patrolman Ramirez noticed that Isaac moved slowly; he described the movements as sluggish and lethargic. He also noticed that Isaac's eyes were glassy. Patrolman Ramirez patted Isaac down for weapons and searched his pockets. He placed Isaac in his patrol car and then

---

[1] He testified that he had been in law enforcement for ten years and commonly arrested individuals for marijuana possession.

[2] He also testified that he was unfamiliar with hemp and would be unable to distinguish it from marijuana.

searched Isaac's car for any contraband. He found a small bag of what appeared to be methamphetamines in the driver's side door pocket.

Isaac was later charged with and convicted of possession of methamphetamines. He now appeals.

### STANDARD OF REVIEW

"We review a trial court's denial of a motion to suppress for an abuse of discretion…." *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016) (citing *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010)). "If the ruling of the trial court is correct under any applicable theory of law, we will sustain its ruling." *Id.* (citing *Arguellez v. State*, 409 S.W.3d 657, 662–63 (Tex. Crim. App. 2013)).

### PROBABLE CAUSE AND ISAAC'S MOTION TO SUPPRESS

**A.      Parties' Arguments**

Isaac argues that since hemp has become legal and because it looks and smells the same as illegal marijuana, the distinctive odor and appearance of marijuana have become unusable identifiers to detect the contraband. As a result, he argues that there was insufficient probable cause in his case to support a lawful search of his car. He argues that the trial court abused its discretion by denying his motion to suppress for lack of probable cause.

The State argues that Patrolman Ramirez properly relied on his knowledge and the facts available to him to determine that Isaac probably possessed illegal drugs. The State concludes that Patrolman Ramirez met the probable cause requirement to lawfully search Isaac's car. It argues that the trial court correctly denied Isaac's motion to suppress.

**B.     Law**

Despite Isaac's argument that industrial hemp is now legal[3] and indistinguishable from marijuana without a lab test, marijuana remains illegal,[4] and the probable cause standard for police to detect it remains the same: "Probable cause 'exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found.'" *Hyland v. State*, 574 S.W.3d 904, 910 (Tex. Crim. App. 2019) (citing *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983)); *accord Ackenback v. State*, 794 S.W.2d 567, 572 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).

Several courts around the United States in jurisdictions where hemp is legal and marijuana remains illegal have arrived at the same conclusion that officers may still rely on the odor of marijuana to establish probable cause to investigate marijuana possession.  *See State v. Moore*, 991 N.W.2d 412, 417 (Wis. 2023); *Moore v. State*, 211 N.E.3d 574, 579–81 (Ind. Ct. App. 2023) (citing *United States v. Vaughn*, 429 F. Supp. 3d 499 (E.D. Tenn. 2019); *United States v. Boggess*, 444 F. Supp. 3d 730 (S.D. W. Va. 2020)); *State v. Teague*, 879 S.E.2d 881, 896 (N.C. Ct. App. 2022); *State v. Tillman*, 203 N.E.3d 71, 77 (Ohio Ct. App. 2022) (citing *State v. Withrow*, 194 N.E.3d 804, 810–11 (Ohio Ct. App. 2022); *Owens v. State*, 317 So. 3d 1218, 1220 (Fla. Dist. Ct. App. 2021).  Some of them decline to address whether detecting marijuana's distinctive odor alone can still establish probable cause but conclude that it may still comprise part of the totality of the circumstances in support of probable cause to investigate marijuana possession.  *See State v. Johnson*, 886 S.E.2d 620, 632 (N.C. Ct. App. 2023); *Hatcher v. State*, 342 So. 3d 807, 808–09 (Fla. Dist. Ct. App. 2022); *State v. Parker*, 860 S.E.2d 21, 29 (N.C. Ct. App. 2021).

---

[3] *See* Act of May 22, 2019, 86th Leg., R.S., ch. 764, 2019 Tex. Gen. Laws 2085.
[4] TEX. HEALTH & SAFETY CODE ANN. § 481.121

Here in Texas, we are not the first court to address this issue. *See Cortez v. State*, No. 05-21-00664-CR, 2022 WL 17817963, at \*7 (Tex. App.—Dallas Dec. 20, 2022, pet. filed) (mem. op., not designated for publication). The *Cortez* court affirmed the trial court's denial of the appellant's motion to suppress, maintaining that a "strong odor of marijuana from a small enclosed area, like a car, gives a peace officer probable cause to make a warrantless search of both the car and its occupants"). *Id*. Like our sister court, we conclude that the odor of marijuana, as well as its appearance, can at least be part of the totality of the evidence supporting probable cause to investigate.

**C.      Analysis**

Here, the totality of the circumstances provides more evidence than the odor and appearance of marijuana alone that Isaac probably possessed illegal contraband. *See Hatcher*, 342 So. 3d at 808–09; *Parker*, 860 S.E.2d at 29. First, he was reported to police for behaving suspiciously after he remained parked at a gas pump for an hour and wandered around the store in a way that made the store's manager believe he was under the influence of something. Next, he left two joints in his center console, which he placed out of view when Patrolman Ramirez asked him to produce identification. Patrolman Ramirez saw them and recognized them as marijuana joints based on his training and experience.[5] When Isaac exited his car, he showed symptoms of intoxication, including sluggish movements and glassy eyes. These facts and observations together with the odor of marijuana emanating from Isaac's car established probable cause for Patrolman Ramirez to detain or arrest Isaac and to search his car. *See Ackenback*, 794 S.W.2d at 572. Based on this record, we conclude that the trial court did not abuse its discretion when it denied Isaac's motion to suppress. We overrule Isaac's first and second issues.

---

[5] In denying Isaac's motion to suppress, the trial court stated, "I find that the deputy believed it was marijuana based on his training and experience."

**SUFFICIENCY OF THE EVIDENCE**

Isaac follows his argument to its logical conclusion, arguing that the jury relied on illegally obtained evidence to convict Isaac and that doing so was a violation of the law. He argues that without illegally obtained evidence, there is insufficient evidence to support his conviction. Because we overruled Isaac's first and second issues, we overrule his third issue as moot.

**CONCLUSION**

Despite the similar smell and appearance of hemp and marijuana, we conclude that there was sufficient evidence to establish probable cause in this case based on the facts and observations available to Patrolman Ramirez when he approached and spoke to Isaac at the Love's Truck Stop in Comfort. Accordingly, we conclude that the trial court did not abuse its discretion in denying Isaac's motion to suppress. We further conclude that the jury did not base its decision to convict on illegally obtained evidence, which effectively moots Isaac's argument that his conviction must have been based on insufficient evidence. The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Publish