[Cite as *State v. Martin*, 2019-Ohio-4934.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| COREY D. MARTIN, | : | Case No. 2018CA00119 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Stark County Court
                                    of Common Pleas, Case No. 2018-
                                    CR-0443(B)


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   November 26, 2019


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO                             DONOVAN HILL
Prosecuting Attorney                        116 Cleveland Avenue N.W.
Stark County, Ohio                          808 Courtyard Centre
                                            Canton, Ohio 44702
By:  KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1} Defendant-appellant Corey Martin appeals from the denial by the Stark County Court of Common Pleas of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 1, 2018, the Stark County Grand Jury indicted appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11 (A)(C)(1)(b), a felony of the third degree, one count of possession of cocaine in violation of R.C. 2925.11 (A)(C)(4)(c), a felony of the third degree, one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and two counts of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), felonies of the fifth degree. At his arraignment on May 25, 2018, appellant entered a plea of not guilty to the charges.

{¶3} Appellant filed a Motion to Suppress on June 12, 2018, arguing that there was no reasonable articulable reason to stop him. A hearing on the motion was held on July 13, 2018.

{¶4} At the hearing, Trooper Carlos Castellanos of the Ohio State Highway Patrol testified that he was working on May 4, 2018 in a marked cruiser when he stopped appellant who was driving a pickup truck. He testified that he was on 12th Street near Shorb Avenue when he observed the vehicle in front of him make a marked lanes violation "by about a tire width." Transcript at 6. The Trooper testified that appellant "went off the right side over the white fog line, split the lane. His tire was on the right-hand side of the lane over it." Transcript at 6.

**{¶5}** Trooper Castellanos then initiated a traffic stop of appellant's vehicle for a marked lanes violation. The video of the traffic stop was played at the hearing. Trooper Castellanos admitted that appellant had committed no other traffic violations. When asked, the Trooper admitted that he did not know the law governing bicycle lanes and the specific language of the marked lanes statute. He testified that the Ohio State Highway Patrol has a criminal patrol point system under which a trooper who makes twelve felony arrests within a twelve month period can be eligible for a criminal patrol award and that this was an incentive to make stops to investigate.

**{¶6}** On cross-examination, the Trooper admitted that there was a bike lane to the right of the roadway present at the area where appellant allegedly went over the line. There were no bicycles in the bicycle lane at such time.

**{¶7}** At the conclusion of the hearing, the trial court took the matter under advisement. After a short recess, the trial court, after being informed that appellant intended to plead no contest to the charges, stated that it would be overruling the Motion to Suppress finding that there was a marked lanes violation and that the stop, therefore, was legal. Appellant then pleaded no contest and the trial court found him guilty of the charges. As memorialized in Judgment Entry filed on July 18, 2018, appellant was sentenced to one year of community control under specified terms and conditions.

**{¶8}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶9}** "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

I

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Suppress. We disagree.

{¶11} Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 713 N.E.2d 1 (4th Dist. 1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist. 1993), overruled on other grounds.

{¶12} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist. 1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final

issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 620 N.E.2d 906 (8th Dist. 1994).

**{¶13}** Appellant specifically contends that Trooper Castellanos did not have reasonable and articulable suspicion to initiate the stop of appellant and that the Trooper did not know the language of the marked lane laws or "even the existence of the bike lane regulations under ODOT." Appellant also maintains that the Trooper had an ulterior motive for making the stop.

**{¶14}** Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, an occupant is or has been engaged in criminal activity. *State v. Logan,* 5th Dist. Richland No. 07-CA-56, 2008-Ohio-2969, 2008 WL 2583246, ¶ 15, quoting *State v. Gedeon*, 81 Ohio App.3d 617, 618, 611 N.E.2d 972 ( 11th Dist. 1992). Reasonable suspicion constitutes something less than probable cause. *State v. Carlson*, 102 Ohio App.3d 585, 590, 657 N.E.2d 591 (9th Dist. 1995). The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo* , 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson*, 76 Ohio St.3d 3, 9, 665 N.E.2d 1091 (1996). Accordingly, "if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 8.

**{¶15}** "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Erickson, supra*, at syllabus, applying and following *United States v. Ferguson*, 8 F.3d 385, 388 (6th Cir.1993). However, the Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays,* supra at ¶ 23.

**{¶16}** In the case sub judice, Trooper Castellanos stopped appellant for a marked lanes violation in violation of R.C. 4511.33(A)  which states, in relevant part, as follows: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

**{¶17}** (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

**{¶18}** R.C. 4511.33 requires a driver to drive a vehicle entirely within a single lane of traffic.

**{¶19}** While the Trooper may, as alleged by appellant, have had an ulterior motive for stopping appellant, because the stop was based on reasonable articulable suspicion that appellant committed a marked lanes violation, the stop was constitutionally valid. Moreover, appellant also argues that the Trooper did not know the language of the marked lanes statute or even the existence of the bike lane regulations under ODOT.

Appellant specifically contends that the Trooper was unaware of the language reading "as nearly as is practicable" in R.C. 4511.33 and that the Trooper was unaware of the language in ODOT's manual pertaining to the "preferential" use of bike lanes by bicycles. According to appellant, "a minor incursion into the bike lane…when no other traffic is on the road is not violating that preferential deference."

**{¶20}** However, assuming, arguendo, that the Trooper's interpretation of the law was incorrect, as noted by appellee, his understanding of the marked lanes statute was objectively reasonable. It is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio–3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App .3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). Upon review, we find the Trooper's interpretation of the marked lanes statute at the time in question to be objectively reasonable under the totality of the circumstances. Trooper Castellanos saw appellant's truck cross over the white fog lane into the bicycle lane. We, therefore, find no reversible error in the trial court's denial of appellant's suppression motion in the instant case.

**{¶21}** In *State v. Mays,* supra., the defendant argued, in part, that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An

officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." *Id.* at ¶ 17. Thus in this matter, the Trooper, at the time of the stop, was not required to determine whether appellant had a defense to the charge of violating the marked lanes statute.

**{¶22}** Upon review, we find no error in the case *sub judice* in the trial court's denial of the motion to suppress on the question of the trooper's initial stop of appellant's vehicle. Trooper Castellanos testified that he observed appellant cross <u>over</u> the white fog line by at least the width of a tire and the video played at the suppression hearing showed a violation of R.C. 4511.33, the marked lanes statute. Although this may be a minor traffic violation, we concluded in *State v. Ivers,* 5th Dist. Licking No. 99CA48, 2000 WL 1480(Dec. 23, 1999) at 3, that " * * * neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist." We find that the trial court did not make a mistake of law of err in concluding that the stop was legal.

**{¶23}** Appellant's sole assignment of error is therefore overruled.

**{¶24}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.