[Cite as *State v. Rodriguez*, 2024-Ohio-6085.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 24 CA 00001 |
| EDUARDO RODRIGUEZ | |
|     Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 23 CR 0004 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 27, 2024 |


APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
PROSECUTING ATTORNEY
111 North High Street, P. O. Box 569
New Lexington, Ohio 43764-0569

For Defendant-Appellant

JORDEN M. MEADOWS
P.O. Box 310
Logan, Ohio 43138

*Wise, J.*

{¶1}    Defendant-appellant, Eduardo Rodriquez, appeals the judgment of the Perry County Court of Common Pleas, arguing that the trial court erred by denying his motion to suppress.  Plaintiff-appellee is the State of Ohio.  For the reasons that follow, the judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On September 24, 2022, Deputy Jeremy Justice II of the Perry County Sheriff's Office was assigned to the patrol division in the Thornville, Ohio area and parked at the Circle K gas station just outside Thornville.  Around 4:00 a.m. he observed a 2007 Honda CRV pull out of the station.  He was parked facing the Circle K store, and the Honda crossed in front of his marked sheriff cruiser.  He could view the driver's side of the Honda and saw no headlights.

{¶3}    Deputy Justice pulled out of the parking lot and started following the Honda. The Honda and patrol cruiser turned onto State Route 13.  Deputy Justice activated his emergency lights and stopped the Honda.

{¶4}    Deputy Justice exited his cruiser, activated his body-worn camera, and approached the passenger side of the Honda.  The passenger, a female, rolled down her window and Deputy Justice noted that the Honda was driven by a male.  He asked for their driver's license, registration and proof of insurance.

{¶5}    Deputy Justice noted the smell of raw marijuana coming out of the Honda and asked the occupants about it.  The passenger told him that she had been smoking marijuana and had some inside the Honda along with some marijuana paraphernalia.

{¶6} Deputy Justice had both occupants step out of the Honda. The Deputy learned that the driver was the appellant, Eduardo aka Eddie Rodriguez. Meanwhile, Deputy Justice had called for backup and Deputy Devin Hillyer arrived.

{¶7} As Rodriguez was getting out of the Honda, Deputy Hillyer saw him throw a white clear bag containing white pills that he was trying to hide into the berm of the roadway. Rodriguez was read his *Miranda* rights.[1] When asked what the pills were, Rodriguez stated they were Percocet. "I have a Percocet issue."

{¶8} The Deputies searched the Honda and found marijuana in the center console and Oxycontin and Methamphetamine in the trunk.

{¶9} Video from the Circle K gas station was obtained and showed neither of the bulbs on the front driver's side were illuminated. Later, a search warrant for the Honda was obtained and inspected. Upon inspection, it showed that the low beam headlights on the driver's side did not work, while the high beams worked on both sides of the Honda. Rodriguez was issued a citation for driving without headlights. R.C. 4513.04.

{¶10} On February 1, 2023, Rodriguez was indicted for aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(a), [F5], aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2) and (C)(1)(f), [F1], aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(e) [F1 ] and tampering with evidence, a violation of R.C. 2921.12(A)(1) [F3]. Two of the charges contained major drug offender specifications.

{¶11} Rodriguez pleaded not guilty and filed a motion to suppress.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966)

**{¶12}** Deputies Justice and Hillyer testified at the suppression hearing. Footage from Deputy Justice's body camera was presented, as well as video from the Circle K gas station.

**{¶13}** On January 19, 2024, the trial court denied Rodriguez's motion to suppress, finding that Deputy Justice had the necessary reasonable and articulable suspicion and probable cause to stop Rodriguez. *Judgment Entry, Jan. 19, 2024.*

**{¶14}** On February 1, 2024, Rodriquez returned to the trial court and changed his not guilty plea to a no contest plea to aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2) and (C)(1)(e), a felony of the first degree. The remainder of the charges including the major drug offender specifications were dismissed by appellee-state. The trial court accepted his no contest plea and the state read the facts upon which the indictment was based.

> . . . the evidence would show that the Defendant was stopped by a Perry County Deputy near the intersection of State Route 13 and 204 here in Perry County. That during that stop, he...they found in excess of 50 – 50 times the bulk amount of methamphetamine within that vehicle. It would be established that he was transporting that with purpose to distribute.

**{¶15}** Tr. Sentencing and Plea at 10.

**{¶16}** Rodriguez agreed that those facts were substantially correct, and the trial court found him guilty of aggravated trafficking in drugs. He also signed a Crim.R. 11 plea form of no contest.

**{¶17}** Rodriquez waived a pre-sentence investigation and sentencing immediately followed the plea.  Rodriguez was sentenced to the agreed upon sentence of six to nine years in a state prison.  The mandatory fine was waived.

**{¶18}** Rodriguez filed a timely appeal arguing two assignments of error.

## ASSIGNMENTS OF ERROR

**{¶19}** "I.     THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS.  ALL EVIDENCE OBTAINED AS A RESULT OF THE UNLAWFUL STOP OF APPELLANT'S VEHICLE AND UNLAWFUL SEARCH OF APPELLANT'S VEHICLE, VIOLATED THE FOURTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

**{¶20}** "II.     UNDER OHIO'S CURRENT REGULATORY SCHEME FOR CANNABIS, THE MERE ODOR OF CANNABIS NO LONGER PROVIDES INHERENT EVIDENCE OF CRIMINAL ACTIVITY."

## LAW AND ANALYSIS

**{¶21}** In his first assignment of error, appellant contends that the stop of his vehicle based on no headlight on the driver's side, and the subsequent search of his vehicle, were unlawful and a violation of his rights under the United States and Ohio Constitutions

*Standard of Review*

**{¶22}** "Normally, appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Codeluppi,* 2014-Ohio-1574, ¶ 7, citing *State v. Burnside,* 2003-Ohio-5372, ¶ 8.

**{¶23}** As the Ohio Supreme Court explained:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact, if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Citations omitted) *Burnside* at ¶ 8.

**{¶24}** Rodriguez argues that the trial court's finding that the initial traffic stop was legal was an error. Rodriguez claims that the evidence at the suppression hearing demonstrated that his headlights were on when he pulled out of the Circle K gas station in front of the Deputy's cruiser. Rodriguez contends that the Deputy violated his Fourth and Fourteenth Amendment rights when he conducted the initial stop and later found probable cause to search his vehicle when he detected the odor of raw marijuana.

*Unreasonable search and seizure*

**{¶25}** "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures." *State v. Emerson,* 2012-Ohio-5047, ¶ 15. "This constitutional guarantee is protected by the exclusionary rule, which mandates the exclusion at trial of evidence obtained from an unreasonable search and seizure." *Id.*

**{¶26}** Searches and seizures conducted without a warrant are per se unreasonable under the Fourth Amendment, subject only to a few specific and well-

established exceptions. *Katz v. United States,* 389 U.S. 347, 357, (1967). "Once a defendant demonstrates that he or she was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible." *State v. Roberts,* 2006-Ohio-3665, ¶ 98.

**{¶27}** In this case, Deputy Justice initiated a traffic stop without a warrant when he alleged he observed a traffic violation – no headlights on the driver's side.

*Constitutionality of the Traffic Stop*

**{¶28}** A traffic stop initiated by a law enforcement officer constitutes a seizure under the Fourth Amendment. *Whren v. United States,* 517 U.S. 806, 809-810, (1966). Thus, a traffic stop must comply with the Fourth Amendment's requirement of general reasonableness based on a totality of the circumstances. *Id.* at 810.

**{¶29}** ". . . [I]f an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *State v. Mays,* 2008-Ohio-4539, ¶ 8. Even if the officer has an ulterior motive, a traffic stop is valid if the action complained of was permissible. *Dayton v. Erickson,* 76 Ohio St.3d 3, 11-12, (1996); *State v. Martin,* 2019-Ohio-4934, ¶ 19 (5th Dist.).

**{¶30}** In this case, Deputy Justice testified at the suppression hearing that he was parked at the Circle K gas station when he observed the white Honda CRV Rodriquez was driving pull away from the gas pump with no headlights on the driver's side.

**{¶31}** The video surveillance from the Circle K gas station was admitted into evidence at the suppression hearing and viewed by the trial court. The trial court found

that the "video from the store confirms the driver's side headlight was not illuminated, but the passenger side was." *Judgment Entry, Jan. 19, 2024 at 1.*

**{¶32}** Rodriguez argues that the body camera worn by Deputy Justice at the time he stopped the Honda and photographs show that both headlights are illuminated. But the trial court has an explanation for that – "It appears from the evidence the Defendant put on his bright lights when he got to the intersection. However, he did travel on East Columbus Street with only one headlight illuminated. The Deputy, therefore, had the necessary reasonable and articulable suspicion and probable cause to stop him." *Judgment Entry, Jan. 19, 2024 at 3.* This finding was also supported by the later inspection of the Honda which showed that the lower beams did not work but the higher beams did.

**{¶33}** Accordingly, we find that Deputy Justice had a reasonable suspicion to stop the Honda for violation of Ohio's traffic regulations requiring the display of lights at the front of a vehicle from sunset to sunrise. Accordingly, the initial traffic stop passes constitutional muster.

**{¶34}** Appellant argues that Rodriguez was not cited for any traffic violation. But the reports of Deputy Justice in the record state Rodriguez was cited for a headlight violation. Even so, this Court has held that a police officer's objectively reasonable belief that a traffic violation has occurred, including reasonable mistakes of law, can constitute reasonable suspicion to justify a traffic stop. *State v. Martin, supra,* ¶ 20 ("It is well established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense."); *State v. Mays, supra,* ¶ 17 ("An officer is not required to determine whether

someone who has been observed committing a crime might have a legal defense to the charge.")

{¶35} After our review, we agree with the trial court that the Deputy had the necessary reasonable and articulable suspicion to stop the appellant and deny the motion to suppress.

{¶36} The first assignment of error is overruled.

**II.**

{¶37} In appellant's second assignment of error, he contends that even if the initial stop complied with the Fourth Amendment, Deputy Justice improperly expanded the scope of the stop when he claimed to detect the odor of raw marijuana. Appellant claims that under Ohio's cannabis laws, the testimony of Deputy Justice that he prolonged the stop and searched the Honda when he smelled the odor of raw marijuana is no longer a legal basis to perform a vehicle search without a warrant. Specifically, appellant argues that since medical marijuana and hemp have become legal and because it looks and smells the same as illegal marijuana, the distinctive odor of raw marijuana has become unusable as an identifier to rely on to support probable cause to search a vehicle without a warrant.

{¶38} The first problem with appellant's argument is that neither the motion to suppress nor his written proposed findings of fact and conclusions of law after the suppression hearing addressed the issue of cannabis law. While there was a short discussion during cross examination of Deputy Justice at the suppression hearing on whether he asked the occupants of the Honda whether it was medical marijuana, that theory was not raised during the proposed findings of fact and conclusions of law

submitted by appellant. Issues not raised in the trial court cannot be raised for the first time on appeal. *Greenwood v. Taft,* 105 Ohio App.3d 295, 302 (1st Dist., 1985) citing *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41 (1975); *State v. Wright,* 2024-Ohio-1763, ¶ 15 (1st Dist.). (When filing a motion to suppress, a defendant must raise the grounds upon which the validity of the search or seizure is challenged).

**{¶39}** But even if raised, the case law from this Court and the Ohio Supreme Court does not support appellant's argument. Law enforcement may still rely on the odor of marijuana to establish probable cause to prolong a stop and lawfully search a vehicle.

**{¶40}** In *State v. Tillman,* 2022-Ohio-4341 (5th Dist.), defendant was indicted for possession of marijuana and trafficking in marijuana. He pleaded not guilty and filed a motion to suppress. At the hearing, the Deputy testified that he stopped defendant's vehicle for speeding. When he made contact with the defendant, he immediately smelled a strong odor of raw marijuana. He then conducted a probable cause search of the vehicle and found a bag of marijuana and a marijuana cigarette.

**{¶41}** The trial court denied the motion to suppress and the defendant pleaded no contest. On appeal to this Court, he argued that the search of his vehicle was not supported by probable cause.

**{¶42}** In *State v. Moore,* 2000-Ohio-10, the Ohio Supreme Court found that the smell of marijuana alone by a person qualified to recognize the odor is sufficient to establish probable cause to search a motor vehicle. Relying on *Moore,* this Court found that the standards in *Moore* had been satisfied.

> The fact that illegal marijuana and legal forms of hemp have the same odor is irrelevant so long as some forms of marijuana remain illegal.

Thus, *Moore* remains good law and any detection of the odor would give probable cause to search. *State v. Withrow,* 2022-Ohio-2850, ¶ 19 (7th Dist.). *Id.* at ¶ 19. *Accord State v. Speelman,* 2023-Ohio-992, ¶ 23 (5th Dist.).

**{¶43}** This Court is not alone in holding that *Moore* is still good law. In *State v. Wright,* 2024-Ohio-1763, (1st Dist.) at ¶ 15, the court recently rejected a similar argument to the one made by appellant here. ("At the time of this stop, most forms of marijuana were illegal in Ohio. While the legalization of medical marijuana and hemp products may have lowered the likelihood that Kylo [drug sniffing dog] was alerting to contraband, that likelihood was far from zero."); *State v. Johnson,* 2022-Ohio-2773, ¶ 33, 35 (8th Dist.). ("…Trooper Dowler's testimony that he smelled the odor of raw marijuana when he approached the vehicle was sufficient probable cause to search the vehicle even if the drugs were determined to be legal.")

**{¶44}** In 2022, when Rodriguez was stopped and ultimately arrested for possession of drugs, recreational cannabis was still illegal in Ohio; while licensed sales of medical cannabis began in 2019.

**{¶45}** Thus, *Moore* and *Tillman* remain good law.

**{¶46}** Deputy Justice testified at the suppression hearing that he is trained in identifying the odor of raw marijuana and has dealt with raw marijuana on many occasions in his experience as a law enforcement officer. Accordingly, the *Moore* standard was met.

**{¶47}** Rodriguez does not complain that Deputy Justice could not remove the vehicle's occupants or request further identification. During a legitimate traffic stop, a

request for identification from a driver and any passengers, followed by a computer check of that information does not constitute an unreasonable search and seizure, so long as the traffic stop is not extended in duration beyond the time reasonably necessary to effectuate its purpose. "Typically, such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez v. United States,* 575 U.S. 348, 355 (2015).

**{¶48}** "The detention of a stopped driver may continue beyond [the normal] time frame when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop." *State v. Isles,* 2020-Ohio-3061, ¶ 19, quoting *State v. Batchili,* 2007-Ohio-2204, ¶ 15.

**{¶49}** The detection of raw marijuana was not the only reason the deputies had to prolong the stop and provide probable cause to search the vehicle. When Rodriguez was asked to step out of the vehicle, he threw what appeared to be a plastic bag of white pills in the berm of the highway which he admitted were Percocet. Thus, the totality of the circumstances provided more evidence than the odor of raw marijuana alone that Rodriquez was engaged in criminal activity. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

**{¶50}** Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶51} The trial court did not err when it denied appellant's motion to suppress.  We overrule the two assignments of error and affirm the trial court's judgment.


By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.


JWW/kt 1223